```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

PHILLIP SHAW,                  )
                               )
            Petitioner,        )
                               )
    v.                         )      No. 4:04 CV 1345 CAS
                               )                       DDN
CHUCK DWYER,                   )
                               )
            Respondent.        )

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action is before the court upon the petition of Missouri state prisoner Phillip Shaw for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Upon review of the record, the court recommends denying habeas relief.

**I. Background**

In 1998, Phillip Shaw was convicted by a jury in the Circuit Court of the City of St. Louis of first-degree murder and armed criminal action. He was sentenced to consecutive terms of life without parole and life imprisonment. (Doc. 10, Ex. 5 at 73-75.)

On direct appeal, the Missouri Court of Appeals, Eastern Division, affirmed the conviction and sentence. The court found that petitioner failed to preserve his gender Batson[1] challenge for appellate review because he did not object to the peremptory strikes of two particular venire persons on the basis of gender in his motion for new trial. (Id., Ex. 10 at 83.) Instead, his trial motion raised only race-based Batson challenges, specifically arguing that the state exercised peremptory strikes against black venire persons. His motion did not mention any errors regarding the exercise of peremptory strikes based

---

[1] The court in Batson v. Kentucky held that a criminal defendant's equal protection rights were violated when a prosecutor uses his peremptory challenges to remove jurors based on race. 476 U.S. 79 (1980). This doctrine has been extended to include gender. J.E.B. v. Alabama, 511 U.S. 127, 129 (1994).

on gender. (Id.) The Court of Appeals declined to review for plain error, stating that plain error review is not appropriate for unpreserved Batson challenges. (Id. at 84.)

On August 2, 2000, Shaw filed a *pro se* motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Doc. 10, Ex. 12 at 1.) Counsel was appointed to represent petitioner and an amended motion was filed. (Id.) An evidentiary hearing was held on August 30, 2002, to consider petitioner's allegations of failure of trial counsel to call exculpatory witnesses, failure to properly cross-examine and impeach witnesses for the state, and refusal to permit petitioner to testify. (Id., Ex. 11 at 3.) Petitioner's claim that trial counsel was ineffective for failing to preserve a meritorious claim under Batson during jury selection was denied by the court prior to hearing, as without merit and as not cognizable under Rule 29.15. (Id.)

Petitioner appealed the denial of his Rule 29.15 motion for post-conviction relief, contending that "the motion court erred in denying his [post-conviction] motion because trial counsel was ineffective in failing (1) to preserve properly for appellate review a meritorious [gender] Batson claim and should have been granted an evidentiary hearing on the issue, and (2) to examine [state's witness] Perkins on his expectation of leniency in return for his testimony." (Id., Ex. 16 at 1.) The court affirmed the judgment, finding that the circuit court's denial of petitioner's first claim without an evidentiary hearing was not clearly erroneous because "trial counsel's failure to preserve a Batson motion for appeal does not pertain to the fairness of a movant's trial and is not grounds for relief in a Rule 29.15 proceeding." (Id., Ex. 16 at 6.) The court also found the petitioner suffered no constitutional prejudice as a result of this omission. Id. The court stated that the petitioner failed to allege facts showing he was prejudiced due to trial counsel's conduct, and, therefore, was not eligible for post-conviction relief. Id.

## II. Federal Habeas Petition

On October 4, 2004, petitioner filed the instant petition for a writ of federal habeas corpus. (Doc. 3 at 2.) Shaw alleges two grounds

-2-

for relief:

>   Ground 1: The trial court erred in overruling petitioner's gender-based Batson challenge concerning the State's peremptory strikes of female venireperson Desi Moore, violating petitioner's Equal Protection rights under the Fourteenth Amendment. (Id. at 5; Doc. 11 at 1.) More specifically, petitioner alleges that the prosecutor's decision to strike a female school teacher but not a male school teacher from the jury was unconstitutionally based on gender. (Doc. 3 at 5.)
>
>   Ground 2: Trial counsel was ineffective for failing to preserve a meritorious Batson gender challenge in her motion for a new trial. (Id.)

In its response, the state argues that petitioner's Ground 1 is procedurally barred because it was not presented properly to the Missouri courts, and also that Ground 1 is without merit. Respondent also argues that Ground 2 is without merit.

### III. Exhaustion of State Remedies

In order for a state prisoner to qualify for federal habeas corpus review under 28 U.S.C. § 2254, he must have first fully exhausted all available state remedies for each ground he presents in federal court. 28 U.S.C. § 2254 (b), (c); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Wayne v. Mo. Bd. of Prob. & Parole, 83 F.3d 994, 996 (8th Cir. 1996). Missouri state prisoners must give the state courts, both circuit and appellate, one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process in order to proceed on a federal habeas corpus claim. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Sweet v. Delo, 125 F.3d 1144, 1149-51 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998). Failure to raise a claim in the state courts erects a procedural bar to relief in this court. O'Sullivan, 526 U.S. at 842.

However, petitioner may avoid the procedural bar for federal habeas review if he can demonstrate sufficient cause for the default and actual prejudice. Coleman, 501 U.S. at 750. In order to establish cause for procedural default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with state procedural requirements. Id. at 750-52. Legally sufficient cause for

-3-

a procedural default must be based upon an objective factor, external to the petitioner and his case, which impeded petitioner or his counsel from complying with the state's procedural rule. Wainwright v. Sykes, 433 U.S. 72, 81 (1977); Murray v. Carrier, 477 U.S. 478, 488 (1986).

Alternatively, petitioner may also obtain federal habeas review, if he shows that failure to review his grounds for relief would result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. A fundamental miscarriage of justice would occur, if petitioner was punished while being actually innocent. Murray, 477 U.S. at 495-96. The habeas petitioner asserting actual innocence to support his allegations of constitutional error must do so with new, reliable evidence not presented at trial. Schlup v. Delo, 513 U.S. 298, 324 (1995).

In Ground 1, petitioner alleges that the trial court failed to provide for an impartial jury when it allowed the State's peremptory strikes of venireperson Desi Moore due to her gender. Petitioner's Ground 1 claim should be denied because it is procedurally barred.

In his direct appeal, petitioner failed to raise a Batson gender challenge. Instead, his appeal clearly and unequivocally raised a Batson race challenge:

> 15. The trial court erred by refusing to sustain defendant's motion pursuant to Batson v. Kentucky, 106 S.Ct. 1712 (1986). The state exercised peremptory strikes against the following *black* veniremen and the defense challenged the strikes with regard to those veniremen: . . .
>
> c. Desi Moore, juror number 914, *black* female who the state believed would be overly sympathetic to the defendant because she was a teacher of children his age. The state failed to strike Neal Frederiksen, juror number 1528, a similarly situated white juror. [emphasis added]

(Doc. 9, Ex. 5 at 69, emphasis added.)

Petitioner's failure to raise this challenge at the trial level is fatal to his federal habeas claim. By failing to preserve the Batson gender challenge at the state level, petitioner did not exhaust his state remedies. Picard v. Connor, 404 U.S. 270, 276-77 (1971) (same claim must be presented in both state and federal courts). He failed

-4-

to present all of his habeas claims to the state courts, both circuit and appellate, which is a prerequisite for federal habeas review. Thus, because petitioner has failed to present his claim fully to the state courts, he is procedurally barred from raising the claim in this case.

Petitioner's Ground 1 claim does not qualify for avoiding the procedural bar. Petitioner has not alleged any external factor which explains his failure to raise a Batson gender challenge at the trial court level. Coleman, 501 U.S. at 750.

Further, petitioner has not claimed actual innocence. Petitioner has failed to introduce any new exculpatory evidence in his brief. Schlup, 513 U.S. at 324. Ground 1 is procedurally barred.

### IV. Ground 2

In Ground 2, petitioner alleges ineffective assistance of trial counsel for failing to preserve the Batson gender challenge in his state court motion for a new trial.

This court's review of a state court decision on the merits is limited to deciding whether or not the adjudication of the claim by the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law 'if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case.'" Tokar v. Bowersox, 198 F.3d 1039, 1045 (8th Cir. 1999), cert. denied, 531 U.S. 886 (2000) (quoting Richardson v. Bowersox, 188 F.3d 973, 977-78 (8th Cir. 1999)). The issue a federal habeas court faces when deciding whether a state court unreasonably applied federal law is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams v.

-5-

Taylor, 529 U.S. 362, 409 (2000).

In order to prove constitutionally ineffective assistance, petitioner has the burden of proving:

> (1) counsel's deficient performance fell below an objective standard of reasonableness, and
>
> (2) the outcome of the trial would have been different absent the error.

Strickland v. Washington, 466 U.S. 668. 691-92 (1984). In cases where petitioner alleges ineffective assistance of counsel for not making a Batson challenge, he must show a reasonable probability that a different jury would have decided that case differently. See Reed v. Norris, 195 F.3d 1004, 1006 (8th Cir. 1999). There is a strong presumption that counsel rendered constitutionally adequate assistance. Beans v. Black, 757 F.2d 936 (8th Cir.), cert. denied, 525 U.S. 846 (1998).

Petitioner argues that trial counsel was deficient because she did not make a Batson gender challenge, unlike his co-defendant's counsel, whose appeal resulted in a new trial. In her direct appeal brief, petitioner's trial counsel lists her grounds for objection in great detail, but does not list a Batson gender challenge, only a Batson challenge based on race. (Doc. 7.) Her choice to raise only the race issue on appeal was reasonable and well-founded. The record reflects that the dismissal of black venireperson Desi Moore was initially challenged based on race. (Doc. 10, Ex. 2 at 481.) Trial counsel's choice to raise a race-based motion instead of a gender-based motion on appeal was reasonable and does not amount to ineffective assistance of counsel.

Even if counsel's actions had rendered her assistance ineffective, petitioner has failed to establish prejudice. In light of the overwhelming evidence against him, including multiple eyewitness testimony, petitioner has not shown that a different jury would have decided the case differently. He simply claims that another jury would have been seated if the alleged errors were true. (Doc. 10, Ex. 3 at 5.) Petitioner must prove that another jury would have actually reached a different conclusion in his case. See Reed, 195 F.3d at 1006. Petitioner has failed to do so. Thus, no actual prejudice resulted from

the alleged error.  Ground 2 is without merit.

For these reasons,

**IT IS HEREBY RECOMMENDED** that the petition of Phillip Shaw for a writ of habeas corpus be denied.

The parties are advised they have ten (10) days to file written objections to this Report and Recommendation.  The failure to file objections may result in a waiver of the right to appeal issues of fact.

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 8, 2007.