# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHILLIP SHAW, | ) |
| Petitioner, | ) |
| v. | ) No. 4:04-CV-1345 CAS |
| CHUCK DWYER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Phillip Shaw's petition for writ of habeas corpus made pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge David D. Noce for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On January 8, 2007, Judge Noce filed a Report and Recommendation of United States Magistrate Judge which ordered and recommended that Shaw's petition for writ of habeas corpus be denied. Petitioner filed timely objections to the Report and Recommendation,[1] and Respondent filed a response to the objections

The Court has carefully reviewed petitioner's objections and the entire record of this matter. Following de novo review of the habeas petition and the record, the Court does not concur in the recommendation of the Magistrate Judge. For the following reasons, the Court will grant petitioner Shaw's petition for writ of habeas corpus.

---

[1]On January 23, 2007, counsel entered an appearance for petitioner, who had previously been proceeding pro se, and filed separate objections.

*Background*

**Petitioner's Trial**

The petitioner, Phillip Shaw, is before the Court seeking habeas corpus relief from his state-court sentence. Petitioner, who was only 14 years old at the time of the crime, was charged as an adult with one count of murder in the first degree (Count I), one count of robbery in the first degree (Count III), and two counts of armed criminal action (Counts II and IV, relating to the murder and robbery charges, respectively). Petitioner was tried with an older co-defendant, Rodney Smith, who was 20 years old at the time of the crime. Following a joint trial, a jury convicted both the petitioner and his co-defendant on Counts I and II and acquitted on Counts III and IV. Petitioner was sentenced to life imprisonment without the possibility of parole or probation on Count I, with a consecutive term of life on Count II. See Legal File, Ex. 5 at 73-75.

At trial, petitioner's counsel, who was a Missouri public defender, challenged the prosecution's use of a peremptory strike to exclude a venireperson from the jury panel based on her race and gender.[2] The trial judge overruled the objection, and the following colloquy occurred:

> DEFENSE COUNSEL: Next one, Judge, is [D. M.], a black female, page 6, number 2.
>
> PROSECUTOR: Reason I struck [D. M.], and if you'll look, it's the same, also strike other teachers. She works for the Board of Education. She is an educator. She's 41, prime age for the mother of these defendants, in addition to presently working with children.

---

[2] In Batson v. Kentucky, 476 U.S. 79 (1986), the United States Supreme Court held a defendant's equal protection rights are violated when the government uses peremptory strikes to exclude potential jurors on account of their race or based on the assumption their race will disable them from impartially considering the State's case. In J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127 (1994), the United States Supreme Court extended the Batson doctrine to prohibit the State from using peremptory challenges to remove potential jurors based on gender.

2

>    DEFENSE COUNSEL: If I can have a second to see if I can find anybody similarly situated.
>
>    PROSECUTOR: I know there was at least one other one. I believe it was [P.B.], [P.B.] on page 2, who was a teacher to the same age group as Ms. - the one we were just talking about. And she is a white woman who teaches the same age, also a teacher with the school district.
>
>    THE COURT: And you struck her as well.
>
>    PROSECUTOR: Yes.
>
>    DEFENSE COUNSEL: And I point out in [N.F.] a white male, Juror 1528 who's been a teacher for 21 years was not struck by the State.
>
>    PROSECUTOR: **<u>Male, Exactly</u>**. I said - I said not of the mothering age. My biggest concern if you look at the baby-faced defendant **<u>is that the women are going to be the ones who hung us up on this child.</u>**
>
>    DEFENSE COUNSEL: I think Batson also goes to gender, so I would again move to disallow the strike based on the gender laws of Batson.
>
>    THE COURT: Apparently Batson demands that we be blind as to maternal instincts of potential jurors, [prosecutor], according to what [defense counsel] says.
>
>    PROSECUTOR: I don't think that's exactly right, Judge. I think if you have a woman who is of the age to be the mother of the defendants, and age is going to be an issue in this case. Maybe if that was the only factor, but it isn't ...
>
>    THE COURT: I will allow the strike.
>
>    PROSECUTOR: ... [f]or gender that is.
>
>    THE COURT: I will allow the strike the strike over the objection of both counsel for the defendants. I will allow the strike as race and gender neutral.

Trial Transcript, Ex. 2 at 481-82 (emphasis added).

**Petitioner's Motion for New Trial and Direct Appeal**

Following trial, petitioner's counsel filed a motion for new trial. Petitioner's counsel objected, citing to <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986), to the prosecution's peremptory strike of the

above-mentioned venireperson based on race. Counsel did not, however, specifically include an objection based on gender, nor did she cite to J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127 (1994). See Legal File, Ex. 5 at 69. The motion for new trial was summarily denied without a written opinion. Id. at 72.

Petitioner was appointed new counsel, who was also from the Missouri Public Defenders Office, for his direct appeal. In his direct appeal, petitioner's appellate counsel explicitly objected to the prosecution's exclusion of venirepersons based on gender. Citing to J.E.B., petitioner's counsel pointed out that the prosecution's proffered reason for venireperson D.M.'s exclusion was not gender-neutral, but in fact, was based on the gender stereotype that women are more sympathetic – the very stereotype that was admonished in J.E.B. Appellant's Statement, Brief and Argument, Ex. 7 at 24-25, 28-30. In denying the appeal, the Missouri Court of Appeals found petitioner had failed to preserve his "gender Batson" challenge for appellate review. "To preserve a Batson challenge, a timely and specific objection must be made at trial, the alleged error must be asserted in a motion for new trial, and the matter must be adequately raised in the briefs on appeal." State v. Shaw, 14 S.W.3d 77, 83 (Mo. Ct. App. 2000). The Court of Appeals found that while petitioner's trial counsel had objected to the prosecution's strike of venireperson D.M. in petitioner's motion for new trial, she had only objected to the strike based on race, and not on gender. Id. The court held "a generic reference to Batson, without more, is insufficient to preserve a claim of error based upon a gender-motivated peremptory strike." Id. at 84. Accordingly, the court found the claim was not preserved

for appellate review. The Missouri Court of Appeals also denied the appeal on plain error review. Id. at 84-85.[3]

**Petitioner's Motion for Post Conviction Relief and Appeal**

Petitioner filed, pursuant to Missouri Supreme Court Rule 29.15, for post-conviction relief. In his Rule 29.15 motion, petitioner argued his trial counsel was ineffective for failing to include in the motion for a new trial his claim that the prosecution excluded at least one venireperson from the jury panel based on her gender. See Legal File, Ex. 12 at 8-21. Petitioner argued he was prejudiced because but for his trial counsel's omission, his conviction would have been reversed on appeal and he would have been granted a new trial. Id. at 21-22. An evidentiary hearing was held on the motion for post-conviction relief. The trial court denied the post-conviction motion, finding the claim to be non-cognizable under Rule 29.15. Id. at 81.

Petitioner appealed the denial of his motion for post-conviction relief. In his appellate brief, petitioner remonstrated that due to his trial counsel's failure to include the gender-based Batson claim in his motion for new trial, the issue was unpreserved for appellate review, and "had [trial counsel] correctly noted the trial court's error [petitioner] would, like his co-defendant in the joint trial, have been granted a new, fair trial after the appeal." See Legal File, Ex. 14 at 12, 18, 20. On March 16, 2004, the Missouri Court of Appeals affirmed the trial court, and found petitioner had suffered no

---

[3] Judge Richard P. Teitelman, who now sits on the Missouri Supreme Court, wrote a lengthy dissent to the majority opinion. He found it was arguable that petitioner's gender-based Batson claim was preserved because "the form of the motion [was] not fatal to appellate review" where the court fully understands the defendant's objection, which it should have done here. Shaw, 14 S.W.3d at 87 n.1. But Judge Teitelman went even further. He concluded "plain error review and reversal are appropriate in this case in the interest of justice and consistency." Id. at 87.

constitutional prejudice as a result of his counsel's failure to include the gender claim in the motion for new trial. The Court of Appeals wrote:

> Movant has not shown that he suffered Strickland prejudice from his counsel's actions. Movant's postconviction motion did not plead any facts showing prejudice. It was merely contained the conclusory allegation that "[b]ut for counsel's lapse, the outcome of the Movant's appeal would have been different and Movant would have been granted a remand for a new trial." Because Movant did not allege facts that he was prejudiced by his trial counsel's conduct, his claim is ineligible for post-conviction relief and the motion court did not clearly err in denying his motion without an evidentiary hearing. Point denied. See Ex. 16 at 6.

**Petitioner's Co-Defendant's Appeal**

Petitioner's co-defendant's counsel did allege in his motion for new trial that venireperson D.M. had been unlawfully excluded from the panel on account of her gender. Petitioner's co-defendant's motion for new trial was denied and his counsel raised the issue on direct appeal. The Missouri Court of Appeals reversed the judgment on appeal and granted Rodney Smith a new trial. The court found that the reasons given by the prosecutor for striking venireperson D.M. were not gender-neutral and, in fact, established that D.M. was struck because of her gender, which "violated Batson's prohibition against gender discriminatory peremptory challenges." State v. Smith, 5 S.W.3d 595, 598 (Mo. Ct. App. 1999).[4]

**Petitioner's § 2254 Petition for Writ of Habeas Corpus**

Petitioner raises two grounds for relief in his § 2254 petitioner for writ of habeas corpus:

1. The trial court judge erred in denying petitioner's Batson challenge to prosecutor's discriminatory use of her peremptory strike against venireperson

---

[4] Rodney Smith did not have a second trial, but rather entered into a plea agreement and pleaded guilty to second degree murder. He was sentenced to ten (10) years in prison, and according to appellate briefs filed on petitioner's behalf, Mr. Smith has been released from prison.

> D.M., a black female while leaving a similarly situated white male on the panel.
>
> 2. Petitioner's trial counsel failed to render effective assistance of counsel by failing to preserve a meritorious gender-based <u>Batson</u> challenge in her motion for new trial.

In its response, the State argued petitioner's first ground for relief is procedurally barred because it was not raised in his direct appeal. As for the second ground, the State argues it is without merit because petitioner suffered no prejudice as a result of his trial counsel's conduct.

In his Report and Recommendation, Judge Noce agreed with the State. He found petitioner was procedurally barred from raising the gender-based <u>Batson</u> claim in federal court because it was not properly raised in his motion for new trial. He also found no cause to lift the procedural bar. In regard to Ground Two, Judge Noce found petitioner's ineffective assistance of counsel claim to be without merit. He found petitioner's counsel's failure to raise the gender issue in the motion for new trial was "reasonable" and "well-founded," and furthermore, petitioner did not suffer prejudice by the omission because he did not show that another jury would have decided the issue differently. <u>See</u> Report and Recommendation, Doc. 13 at 6 ("[p]etitioner must prove that another jury would have actually reached a difference conclusion in his case.") Because this Court does not agree with Judge Noce's ineffective assistance of counsel analysis, which not only impacts Ground Two, but also lifts the procedural bar of Ground One, the Court cannot adopt the Magistrate Judge's Report and Recommendation.

*Discussion*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus cannot be granted unless the state court's adjudication on the merits:

7

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The "contrary to" clause is satisfied if a state court has arrived "'at a conclusion opposite to that reached by [the Supreme Court] on a question of law'" or "'confronts facts that are materially indistinguishable from a relevant Supreme Court precedent'" but arrives at the opposite result. Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of petitioner's case. . . . That is, the state court's decision must have been not only incorrect or erroneous, but objectively unreasonable." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (citations omitted). See also Colvin v. Taylor, 324 F.3d 583, 587 (8th Cir. 2003) (under AEDPA, a writ of habeas corpus may not be granted "unless the relevant state court decision is both wrong and unreasonable"). "The factual findings of the state court also may be challenged in a § 2254 petition, but they are subject to an even more deferential review." Kinder v. Bowersox, 272 F.3d 532, 538 (8th Cir. 2001). Factual findings by the state court "shall be presumed to be correct," a presumption that will be rebutted only by "clear and convincing evidence." 28 U. S. C. § 2254(e)(1).

Respondent argues Ground One of petitioner's petition for habeas relief is procedurally barred because petitioner did not raise the issue in his motion for new trial before the trial court. Habeas petitioners must fairly present the substance of their federal claims to the state courts. Barrett v. Acevedo, 169 F.3d 1155, 1161 (8th Cir. 1999); Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994). To fairly present a federal claim, the petitioner must present the same facts and legal theories to the

8

federal court as to the state courts. Id. In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

"Cause" under the cause and prejudice test "must be something external to the petitioner, something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Id. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007). Counsel's ineffectiveness in failing properly to preserve a claim for review in state court may suffice as cause. The assistance, however, must have been so ineffective as to violate the Federal Constitution. Carrier, 477 U.S. at 488-89. Furthermore, in order for ineffective assistance of counsel to constitute cause and prejudice excusing a procedural default, the federal habeas petitioner must have "properly raised the ineffectiveness claim in state court." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citing Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Tokar v. Bowersox, 198 F.3d 1039, 1051 n.13 (8th Cir. 1999)). See also Watts v. Norris, 356 F.3d 937, 941 (8th Cir. 2004).

Petitioner claims he received ineffective assistance of counsel in that his counsel failed to include a gender-based Batson objection in his motion for new trial, thereby precluding him from taking a direct appeal on the issue. Petitioner not only argues that this in and of itself was a constitutional violation which entitles him to habeas relief, but also that this constitutionally defective

assistance of counsel amounts to cause and prejudice, which would lift the procedural bar allowing the Court to review his gender-based Batson claim on the merits.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of trial counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To succeed on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish both "that counsel's representation fell below an objective standard of reasonableness," and that but for counsel's deficiency there is "a reasonable probability" that the result of the proceedings would have been different. Id. at 688. When addressing the adequacy of counsel's performance, a federal district court must be "highly deferential," and make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Odem v. Hopkins, 382 F.3d 846, 850 (8th Cir. 2004) (quoting Strickland, 466 U.S. at 689). There is a strong presumption that counsel's performance fell "within the wide range of reasonable professional assistance." Id. "Lawyers are not perfect, and the Constitution does not guarantee a perfect trial." Jones v. Delo, 258 F.3d 893, 902 (8th Cir. 2001). "Reasonable trial strategy does not constitute ineffective assistance of counsel simply because it is not successful." James v. Iowa, 100 F.3d 586, 590 (8th Cir. 1996). However, "counsel must exercise reasonable diligence to produce exculpatory evidence, and strategy resulting from lack of diligence in preparation and investigation is not protected by the presumption in favor of counsel." Kenley v. Armontrout, 937 F.2d 1298, 1304 (8th Cir. 1991).

Error by counsel, even if professionally unreasonable, does not necessarily require that a judgment be set aside. "[A] defendant must affirmatively show prejudice. It is not sufficient for a

defendant to show that the error had some 'conceivable effect' on the result of the proceeding. . . . The defendant must show that because of counsel's error, there is a reasonable probability that the result of the proceeding would have been different.' A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Odem, 382 F.3d at 850 (quoting Strickland, 466 U.S. at 694). See also King v. Kemna, 266 F.3d 816, 823 (8th Cir. 2001); Jones, 258 F.3d at 901.

Moreover, when ineffective assistance of counsel is raised as grounds for relief in a § 2254 petition, the petitioner "'must do more than show that he would have satisfied Strickland's test if his claims were being analyzed in the first instance [by the federal habeas court. . . .] Under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.'" Underdahl v. Carlson, 381 F.3d 740, 742 (8th Cir. 2004) (quoting Bell v. Cone, 535 U.S. 685, 698-99 (2002)).

### A. Petitioner's Counsel's Performance Was Constitutionally Deficient.

The Missouri Court of Appeals did not address whether petitioner's counsel's performance was deficient in failing to raise the gender issue in the motion for new trial, therefore, the issue will be reviewed de novo. Rompilla v. Beard, 545 U.S. 374, 390 (2005) (citing Wiggins v. Smith, 539 U.S. 510, 535 (2003)). The Court is cognizant that counsel need not raise each and every possible error in a motion for new trial. A motion for new trial starts the appellate process in Missouri, and effective counseling often entails "winnowing out weaker arguments" for appeal. Jones v. Barnes, 463 U.S. 745, 751-54 (1983) (the Sixth Amendment does not requires that counsel raise every colorable non-frivolous issue on appeal). Here, however, it is not reasonable to conclude that the exclusion of the meritorious gender-based Batson claim was a strategic decision. The error was obvious and, as

11

discussed below and in State v. Smith, 5 S.W.3d 595 (Mo. Ct. App. 1999), the reason given by the prosecution for excluding the potential juror in question was clearly not gender-neutral. The prosecutor stated her biggest concern in striking the potential juror was that "if you look at the baby-faced defendant, . . . the women are going to be the ones who hung us up on this child" – hardly a gender-neutral explanation. The fact petitioner's counsel included the less meritorious race-based Batson claim, as well as other unrelated claims, "suggest[s] that the failure to raise [the gender-based Batson claim] was an oversight, not a deliberate strategy." Roe v. Delo, 160 F.3d 416, 419 (8th Cir. 1998). There is absolutely no indication that petitioner's counsel intended to abandon the previously rejected gender-based Batson challenge on the basis of some sort of strategic decision. The Court concludes petitioner's conduct fell below an objective standard of reasonableness when she failed to include the gender-based Batson claim in petitioner's motion for new trial. Id.; see also Roe v. Flores-Ortega, 528 U.S. 470 (2000); Evitts v. Lucey, 469 U.S. 387 (1985); Davis v. Secretary for the Dep't of Corrs., 341 F.3d 1310, 1314 (11th Cir. 2003).

### B. Petitioner Was Prejudiced by his Counsel's Deficient Performance.

In its memorandum addressing petitioner's ineffective assistance of counsel claim, the Missouri Court of Appeals denied petitioner's post-conviction appeal, finding "petitioner did not allege facts that he was prejudiced by his trial counsel's conduct." This finding is not supported by the record and the legal conclusions flowing therefrom are contrary to clearly established federal law. Petitioner alleged in his Rule 29.15 motion and appellate brief that his gender-based Batson claim was not preserved for appellate review, and had the claim been properly preserved, his conviction, like that of his co-defendant's, would have been reversed on appeal and he would have been granted a new trial.

12

The Missouri Court of Appeals found and the State concurs that there was no prejudice here because petitioner cannot show that the outcome of the trial would have been different had his trial counsel included the gender-based Batson claim in petitioner's motion for new trial. This view of ineffective assistance of trial counsel is far too limited. Under the Missouri Court of Appeals' and the State's analysis, which appears to be based on labels, a defendant can only establish a claim of ineffective assistance of trial counsel if the trial counsel's mistake affected the outcome of the trial. This analysis does not reflect either the law as established by Supreme Court precedent or the reality of trial and appellate practice.

The denial of meaningful direct appeal has long been held to amount to prejudice under Strickland. It is clearly established that a defendant's right to effective assistance extends beyond the trial proceedings through his first appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985); Bell v. Lockhart, 795 F.2d 655, 657 (8th Cir. 1986). A defendant has been denied effective assistance of counsel when counsel's error, mistake, or omission effectively deprives the defendant of a fair appellate review of his conviction. Bell v. Lockhart, 795 F.2d at 657; Williams v. Lockhart, 849 F.2d 1134, 1137 n.3 (8th Cir. 1988); see also Burns v. Gammon, 260 F.3d 892, 898 (8th Cir. 2001) ("[c]ounsel's performance thus prejudiced [the petitioner] at trial, on direct appeal, and on collateral review. But for counsel's unprofessional errors, the result of either the trial or the later appeals would likely have been different, and [the petitioner] can therefore establish that counsel's deficient performance prejudiced his defense.")

Furthermore, the Supreme Court has not limited prejudice as a result of mistakes by trial counsel to the trial itself. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Court reviewed a petitioner's claim that his trial counsel was ineffective because she failed to file a notice of appeal with

13

the trial court. The Supreme Court, <u>making no distinctions between appellate counsel and trial counsel</u>, held "that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to [relief]." <u>Id.</u> at 484. <u>See</u> <u>also</u> <u>Davis v. Secretary for Dep't of Corrs.</u>, 341 F.3d 1310, 1315 (11th Cir. 2003) ("<u>Flores-Ortega</u> [ ]establishes that the prejudice showing required by <u>Strickland</u> is not always fastened to the forum in which counsel performs deficiently: even when it is trial counsel who represents a client ineffectively in the trial court, the relevant focus in assessing prejudice may be the client's appeal.")

Here, no party disputes that under Missouri law a motion for a new trial is a prerequisite to appellate review. Mo. Supreme Court Rule 29.11. It is also undisputed that the Missouri Court of Appeals found petitioner's gender-based <u>Batson</u> claim to be unpreserved for appeal because petitioner's counsel failed to include the claim in his motion for new trial. Based on clearly established Supreme Court law, this Court finds the Missouri Court of Appeals' holding in the post-conviction appeal that petitioner did not suffer prejudice under the <u>Strickland</u> standard was objectionably unreasonable. As in <u>Flores-Ortega</u>, petitioner identified an error by his trial counsel that impacted not his trial but his appeal. To require petitioner to show an effect upon his trial in order to establish prejudice is not only factually impossible, but is contrary to clearly established federal law as determined by the Supreme Court.

The Supreme Court has also held that once a petitioner has demonstrated he was denied a meaningful direct appeal that he otherwise would have taken, as petitioner has done here, the petitioner need not show that the appeal would have been successful in order to establish prejudice under <u>Strickland</u>. <u>Flores-Ortega</u>, 528 U.S. at 484. Here, however, petitioner can show there was a

14

"reasonable probability" – if not a certainty – that the result of his appeal would have been different had the gender-based Batson claim been properly preserved. Petitioner's co-defendant challenged the prosecution's exclusion of the same venireperson based on her gender in his motion for new trial. The motion for new trial was denied,[5] but the issue was properly preserved for appeal. When petitioner's co-defendant appealed the issue, the Missouri Court of Appeals had no difficulty finding that the prosecution's proffered reasons for the strike were not gender-neutral. State v. Smith, 5 S.W.3d 595, 598 (Mo. Ct. App. 1999). One need not be clairvoyant to conclude that had petitioner's trial counsel properly preserved the gender-based Batson claim for appeal, petitioner's appeal would have been successful, his conviction would have been reversed, and he would have been granted a new trial. Clearly, petitioner suffered prejudice.

The cases cited by the State in support of its assertion that petitioner has suffered no prejudice are inapposite. Citing to a string of cases from the Eighth Circuit, respondent argues that in order to establish prejudice, petitioner must show a reasonable probability that a different jury would have decided the case differently. It was this line of cases upon which Judge Noce based his Report and

---

[5]In addition to rejecting the notion that the denial of a meaningful direct appeal amounts to prejudice under the Strickland standard, the Missouri Court of Appeals also stated that there was no evidence of prejudice, because petitioner had not shown the trial court would have granted the motion for new trial if the gender-based Batson claim been included in the motion. While it is true petitioner's co-defendant raised the very same claim in his motion for new trial before the same trial court and it was denied, a reviewing court should not conclude the trial court would have improperly denied petitioner's motion had it been filed. The Court must assume that the state trial court would have acted in accordance with law, "not whimsy or caprice," and granted the motion for new trial. Crowe v. Sowders, 864 F.2d 430, 434 (6th Cir. 1989) (citing to Strickland, 466 U.S. at 694-95). A gender-based Batson challenge is reviewed for clear error and, as discussed below, it is plain that the prosecution unlawfully struck a venireperson on account of her gender. The trial court should have granted petitioner a new trial had his counsel included the gender-based Batson claim in his motion for new trial.

Recommendation. This Court finds, however, that these cases are not applicable to the case at bar. In each case cited by the respondent, the defendant's counsel failed to raise an initial Batson challenge. In other words, the deficient performance was not that the trial counsel failed to preserve the petitioner's Batson objection in a motion for new trial, but rather trial counsel failed to raise a Batson challenge in the first place. See Young v. Bowersox, 161 F.3d 1159, 1160 (8th Cir. 1998) (trial counsel failed to object to what petitioner claimed was prosecutor's racially discriminatory use of peremptory challenges); Ruff v. Armontrout, 77 F.3d 265, 268 (8th Cir. 1996) (same); Wright v. Nix, 928 F.2d 270 (8th Cir. 1991) (trial counsel did not object to the strikes or in any other way preserve a complaint about the selection of the jury). In light of the facts of these case, they are simply not applicable to petitioner's claim.

In sum, petitioner has established he is entitled to habeas relief based on his ineffective assistance of counsel claim. Further, petitioner's counsel's deficient performance in not including the gender-based Batson claim in petitioner's motion for new trial, which rises to the level of a constitutional violation, amounts to cause and prejudice to lift the procedural bar on petitioner's gender-based Batson claim itself. Burns v. Gammon, 260 F.3d 892, 898 (8th Cir. 2001) (holding procedural default excused because attorney's performance constituted constitutional ineffective assistance of counsel); Dawan v. Lockhart, 980 F.2d 470, 474 (8th Cir. 1992) (same).

## II. THE GENDER-BASED BATSON CLAIM

In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court held that a state prosecutor who uses peremptory challenges to exclude prospective jurors because of their race violates the defendant's and the potential juror's rights to equal protection of the laws. Id. at 96-98. Later, in J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127 (1994), the holding was expanded to prohibit excluding

16

jurors based on gender. In considering a challenge under Batson or J.E.B., the trial court should use a three-step process to determine whether an unconstitutional strike has taken place. Batson, 476 U.S. at 96-98. First, a defendant must make a prima facie case of race or gender discrimination. A defendant can make a prima facie case by "the totality of the relevant facts" about a prosecutor's conduct during the defendant's own trial. Miller-El v. Dretke, 545 U.S. 231, 238 (2005) (citing to Batson, 476 U.S. at 94). If the defendant does so, the government must then provide a race or gender neutral explanation for its peremptory strike, which the defendant may attempt to show to be a pretext. Id. Finally, the trial judge determines whether the defendant has proven that the strike was motivated by purposeful discrimination. Id. See also United States v. Roebke, 333 F.3d 911, 913 (8th Cir. 2003). In order to establish a constitutional violation, petitioner need only show that the prosecution struck one venireperson for an unlawfully discriminatory reason. Snyder v. Louisiana, 552 U.S. __, 2008 WL 723750 at *5 (Mar. 19, 2008) (citing with approval United States v. Vasquez-Lopez, 22 F.3d 900, 902 (9th Cir. 1994) ("the Constitution forbids striking even a single prospective juror for a discriminatory purpose")).

Here, the prosecution plainly did not offer a gender-neutral explanation for the exclusion of venireperson D.M. In fact, the prosecution's proffered rationale establishes D.M. was struck by the State on account of her gender. In the colloquy with the trial judge regarding the strike, the prosecution first offered the explanation that D.M. was struck because she was an educator and because of her age – "the prime age for the mother of these defendants." Trial Transcript, Ex. 2 at 481. When the defense counsel identified N.F., who was not struck and was also an educator and of roughly the same age, the prosecution stated: "Male. Exactly. I said – I said not of the mothering age. My biggest concern if you look at the baby-faced defendant is that the women are going to be the ones

17

who hung us up on this child." Id. at 482. As pointed out by the Missouri Court of Appeals in its opinion deciding the petitioner's co-defendant's appeal, both D.M. and N.F. were educators who worked with children. State v. Smith, 5 S.W.3d 595, 598 (Mo. Ct. App. 1999). D.M. was forty-one years old and N.F. was forty-nine years old, and both were "capable of being the parents of these two defendants. . . . [N]othing in the record suggests that N.F. [was] not of the 'fathering age' . . . ." Id. Furthermore, there was evidence in the record that the prosecution had struck another female teacher, P.B., who was the very same age as N.F.

Based on the record in this case, the Court concludes the State violated Batson and J.E.B.'s prohibition against gender discrimination in the use of peremptory challenges. Not only did the prosecution treat a similarly situated male differently, which is crucial in the Batson analysis, but the prosecution's explanation for D.M.'s exclusion was not even remotely gender-neutral. Snyder, 208 WL 723750 at *8 ("[t]he prosecution's proffer of [a] pretextual explanation naturally gives rise to an inference of discriminatory intent."); Miller-El v. Dretke, 545 U.S. 231, 241 (2005) (finding the prosecution's proffered reasons for striking a panelist in a protected group that applies "just as well" to an otherwise-similar panelist who is permitted to serve, is evidence tending to prove purposeful discrimination). The prosecution all but stated that D.M. was struck because she was a woman, and according to the impermissible gender-based stereotypes held by this prosecutor, it was women who might not be able to follow the law because they would harbor sympathy for the young defendant at trial.

*Conclusion*

The Court is mindful that habeas corpus relief is "an extraordinary remedy" and should not be granted without thorough review of the facts of the case and applicable constitutional principles. See

18

Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993) (quoting Engle v. Isaac, 456 U.S. 107, 126 (1982)). However, after full review and consideration of the record in this case the Court finds relief is warranted. The Court finds petitioner received constitutionally ineffective assistance of counsel in that his trial counsel failed to include his meritorious gender-based Batson claim in his motion for new trial. The state court's conclusion to the contrary was objectively unreasonable. While petitioner's gender-based Batson claim was procedurally barred because it was not preserved for appeal, his trial counsel's constitutionally deficient performance lifts that procedural bar. Furthermore, the Court finds petitioner has established the State violated his constitutional rights when it excluded a potential juror on account of her gender.

Accordingly,

**IT IS HEREBY ORDERED** that the Court declines to adopt the Report and Recommendation of the United States Magistrate Judge. [Doc. 13]

**IT IS FURTHER ORDERED** that Phillip Shaw's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **GRANTED**. [Doc. 3]

A separate document granting the writ of habeas corpus shall accompany this Memorandum and Order.

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___24th___ day of March, 2008.