# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHILLIP SHAW, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:04-CV-1345 CAS |
| CHUCK DWYER, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the State's motions to alter or amend the judgment and to stay the Court's March 24, 2008 order granting petitioner habeas relief. Petitioner filed a response to the motion to alter judgment, but did not respond to the State's motion to stay. The State did not file a reply brief in support of its motion to alter judgment. Therefore, the motions are ready for disposition.

### *Background*

On March 24, 2008, this Court granted petitioner habeas relief.[1] Petitioner raised two grounds for habeas relief in his § 2254 petition for writ of habeas corpus:

1. The trial court judge erred in denying petitioner's <u>Batson</u> challenge to the prosecutor's discriminatory use of her peremptory strike against venireperson D.M., a black female, while leaving a similarly situated white male on the panel.

2. Petitioner's trial counsel failed to render effective assistance of counsel by failing to preserve a meritorious gender-based <u>Batson</u> challenge in her motion for new trial.

---

[1]For a more detailed description of the factual background of the case and the Court's legal analysis, see the Court's Memorandum and Order dated March 24, 2008. [Doc. 21]

In response to the petition, the State argued petitioner's first ground for relief was procedurally barred because it was not raised in petitioner's motion for new trial. As for the second ground, the State argued it was without merit because petitioner suffered no prejudice as a result of his trial counsel's conduct.

The Court rejected both of the State's arguments. As for the second ground, the Court found petitioner's counsel was constitutionally deficient under the standard of <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984), in that petitioner's counsel failed to include a meritorious gender-based <u>Batson</u> claim in petitioner's motion for new trial. Under the prejudice prong of <u>Strickland</u>, the Court found the findings by the Missouri Court of Appeals were not supported by the record, and the legal conclusions flowing therefrom were contrary to clearly established federal law. Petitioner did allege facts that he was prejudiced by his trial counsel's conduct in his appellate briefs. Furthermore, the state court's legal analysis – that a defendant can only establish a claim of ineffective assistance of trial counsel if the trial counsel's mistake affected the outcome of the trial – resulted in a decision that was contrary to or involved an unreasonable application of the law as established by the United States Supreme Court. Citing to <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), this Court held that the prejudice showing required by <u>Strickland</u> is not necessarily tied to the forum in which counsel performs deficiently, but rather, prejudice can be established, under certain circumstances, by showing that trial's counsel constitutionally deficient performance adversely impacted the defendant's appeal. <u>Id.</u> <u>See</u> <u>also</u> <u>Davis v. Secretary for Dep't of Corrs.</u>, 341 F.3d 1310, 1315 (11th Cir. 2003). Because petitioner could show there was a "reasonable probability" – if not a certainty[2] – that the result of his

---

[2]Petitioner's co-defendant challenged the prosecution's exclusion of the same venireperson based on her gender in his motion for new trial. The motion for new trial was denied, but the issue was properly preserved for appeal. When petitioner's co-defendant appealed the issue, the Missouri

2

appeal would have been different had the gender-based Batson claim been properly preserved, it was clear petitioner had shown prejudice under Strickland and other Supreme Court precedent. In sum, the Court found petitioner had established he is entitled to habeas relief based on his ineffective assistance of counsel claim, his second ground for relief.

The Court further found that petitioner's counsel's deficient performance in not including the meritorious gender-based Batson claim in petitioner's motion for new trial amounted to cause and prejudice to lift the procedural bar on petitioner's gender-based Batson claim, petitioner's first ground for relief. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Burns v. Gammon, 260 F.3d 892, 898 (8th Cir. 2001); Dawan v. Lockhart, 980 F.2d 470, 474 (8th Cir. 1992) (same). In examining the merits of plaintiff's first ground for relief, the Court found the record established the prosecution plainly did not offer a gender-neutral explanation for the exclusion of the venireperson in question and, in fact, the prosecution's proffered rationale established she was struck by the State on account of her gender. The Court found the State violated the prohibition against gender discrimination in the use of peremptory challenges. Batson v. Kentucky, 476 U.S. 79 (1986); J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127 (1994). Accordingly, the Court granted petitioner's petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 and vacated his conviction. It ordered that petitioner be released from custody unless he is retried by the State of Missouri within 60 days of the date of the March 24, 2008 order.

---

Court of Appeals had no difficulty finding that the State's proffered reasons for the strike were not gender-neutral. Petitioner's co-defendant's appeal was successful, and he was granted a new trial based on this issue alone. State v. Smith, 5 S.W.3d 595, 598 (Mo. Ct. App. 1999).

*Discussion*

**I.     RESPONDENT'S MOTION TO ALTER OR AMEND THE JUDGMENT**

The State now moves to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). In its motion, the State makes three basic arguments: (1) that Eighth Circuit precedent, and more specifically Reed v. Norris, 195 F.3d 1004 (8th Cir. 1999), supports the Missouri Court of Appeals' decision that prejudice under Strickland should be analyzed by examining whether there was a reasonable probability that outcome of the trial would have been different, but for counsel's deficient performance; (2) that the Court misapplied Roe v. Flores-Ortega, 528 U.S. 470 (2000), in that the case only applies where counsel's deficient performance results in the complete absence of an appeal; and (3) even if petitioner's counsel was ineffective under Strickland, petitioner still does not meet the standard for cause and prejudice to lift the procedural bar as to his first ground for relief.

The Court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, 141 F.3d at 1286 (internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of

4

judgment." United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care, 141 F.3d at 1286)).

The State's motion involves reconsideration of matters that were encompassed within the Court's Memorandum and Order. While failing to cite Reed v. Norris in its original briefs, the State argued in its response to the petition and in opposition to petitioner's objections to the Magistrate Judge's Report and Recommendation that the proper standard for finding prejudice under the circumstances of this case is whether petitioner's counsel's deficient performance affected the outcome of the trial. In its March 24, 2008 ruling, the Court considered the State's argument and the Reed case, which the respondent now cites, and found this standard was not the proper inquiry under the facts of the case.

Reed v. Norris involved a situation where trial counsel failed to make the proper Batson objection at trial. 195 F.3d 1004 (8th Cir. 1999). As noted in the federal habeas opinion and in the underlying state-court appeal, the defendant's counsel objected to the exclusion of black venirepersons during voir dire, but did not attempt to make a prima facie showing of discrimination under Batson to the trial court. Reed , 195 F.3d at 1006 ("[the petitioner] contends counsel objected to the State's use of peremptory strikes to remove two blacks from the jury only at [his] request and failed to challenge the subsequent erroneous finding by the trial court that the presence of one black remaining on the jury satisfied Batson. According to [the petitioner], his counsel should have sought a ruling from the court as to whether [the petitioner] had established a prima facie case of discrimination under Batson."); Reed v. State, 1987 WL 14075, at *1 (Ark. July 20, 1987) (the defense's objection to the exclusion of blacks during voir dire is noted, but "[n]o prima facie showing was made that the jurors were excused solely because of their race.") In Reed, the defendant's

5

counsel's deficient performance may have impacted his appeal, but the error occurred during voir dire and primarily affected the defendant's trial. Had counsel attempted to make a prima facie case of discrimination during trial, before the jury was sworn in, the trial judge would have had the opportunity to remedy the error, if indeed a Batson violation had been found. Therefore, under the facts of the Reed case, the proper standard for a finding of prejudice would be whether the outcome of the trial would have been different had the trial counsel made the proper Batson objection.

In the present case, however, not only did petitioner's trial counsel make an objection that a venireperson was excluded based on gender, but she established a prima facie case of discrimination under Batson, and even rebutted the State's proffered gender-neutral reason for the strike. All of this was done during voir dire. Unlike the facts in Reed, counsel's deficient performance here occurred after the trial had concluded. The jury rendered its verdict and was discharged on December 19, 1997. Petitioner's motion for new trial, which did not contain his meritorious gender-based Batson claim, was not filed until January 9, 1998. The trial court summarily denied the motion for new trial on January 23, 1998, and judgment and sentencing was entered that same day.

As this Court stated in its March 24, 2008 Memorandum and Order, to require petitioner to show that but for his counsel's deficient performance the outcome of his trial would have been different in order to establish prejudice under Strickland is not only factually impossible under the circumstances of his case, but is contrary to clearly established federal law as determined by the Supreme Court. Ineffective assistance of trial counsel can adversely affect an appeal thereby prejudicing the defendant. Roe v. Flores-Ortega, 528 U.S. at 484; Davis v. Secretary for Dep't of Corrs., 341 F.3d at 1315. Under Missouri law a motion for a new trial is a prerequisite to appellate review. Mo. Supreme Court Rule 29.11. The Missouri Court of Appeals found petitioner's gender-

6

based Batson claim to be unpreserved for appeal because petitioner's counsel failed to include the claim in his motion for new trial, and his appeal was denied. Because petitioner's co-defendant, whose counsel raised the gender-based Batson claim in his motion for new trial, was granted a new trial on appeal, it is clear petitioner suffered prejudice rising to the level of that required under Strickland. As in Flores-Ortega, petitioner identified an error by his trial counsel that impacted not his trial but his appeal. Had petitioner's counsel included the claim in petitioner's motion for new trial, the outcome of his direct appeal would have been different.[3] Based on clearly established Supreme Court law, the Missouri Court of Appeals' holding in the post-conviction appeal that petitioner did not suffer prejudice under the Strickland standard was objectionably unreasonable, and Reed v. Norris is not applicable.

The Court also finds the State's second argument, that the Court misapplied Roe v. Flores-Ortega, 528 U.S. 470, to be without merit. The State argues Roe v. Flores-Ortega does not apply to the circumstances of this case because the case stands for the proposition that a trial counsel's performance is deficient only if it results in a complete absence of an appeal. The State has misread the Court's application of Roe v. Flores-Ortega. The Court cited to the case in its March 24, 2008 Memorandum and Order to demonstrate that the Supreme Court has not limited prejudice inflicted

---

[3]In its motion to alter or amend the judgment, the State now makes the argument that petitioner was not barred from bringing the gender-based Batson claim, but that the claim was subject to heightened review under a plain error standard, and therefore, he did not suffer prejudice. The Court also rejects this new argument. The Missouri Court of Appeals found petitioner's gender-based Batson claim to be without merit and declined to review the claim for plain error. The court then stated, however, that even if it were to conduct a plain error review, which it would not, there was no plain error. Even assuming the Missouri Court of Appeals decision was decided on plain error review of the issue, the outcome of the appeal would have been different had the gender-based Batson issue been presented in the motion for new trial. Had it been included, the Missouri Court of Appeals would have conducted a plenary review of the issue on appeal, and like that of petitioner's co-defendant, petitioner's direct appeal would have been successful.

7

by trial counsel to the trial itself, but that trial counsel's mistakes, errors, and omissions can impact a defendant's appeal and result in constitutional ineffective assistance of counsel. Furthermore, the respondent's statement that Roe v. Flores-Ortega requires a complete denial of an appeal in order to establish prejudice is not a sensible reading of the case or of Supreme Court precedent. The Supreme Court has long held that a defendant is entitled not just to an appeal in name, but a fair appeal. Evitts v. Lucey, 469 U.S. 387 (1985); Anders v. California, 386 U.S. 738, 744 (1967); Douglas v. California, 372 U.S. 353, 355 (1963). See also Bell v. Lockhart, 795 F.2d 655, 658 (8th Cir. 1986). Loss of appellate review of a meritorious claim due to an attorney's malfeasance or nonfeasance, be it by trial counsel or appellate counsel, amounts to constitutionally ineffective assistance of counsel. Smith v. Robbins, 528 U.S. 259, 286-88 (2000) (citing with approval Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). See also Riley v. Wyrick, 712 F.2d 382 (8th Cir. 1983) (finding ineffective assistance of counsel where petitioner lost appellate review of his fourth amendment claim due to trial counsel's error).

Under the State's analysis, it would be prejudicial for a manager to send a boxer to the wrong arena for a bout, but it would not be prejudicial for him to tie the boxer's hands behind his back for the real fight. The result of both actions, however, will be the same: the boxer will lose the match. Supreme Court precedent simply does not support the State's proposed standard of what amounts to prejudice. Petitioner is not limited to showing that he was denied an appeal in order to establish prejudice. He has established prejudice by showing he was denied the right to properly raise a meritorious claim on appeal.

Lastly, the Court does not agree with the State's third argument, that even if petitioner's counsel was ineffective under Strickland, petitioner still has not met the standard for cause and

prejudice to lift the procedural bar as to his first ground for relief. Citing to a case from 1982, which is pre-Coleman, the State argues that "cause" and "actual prejudice" requires a showing of "actual and substantial disadvantage infecting the entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). This standard, the State argues, is more stringent than the prejudice standard under Strickland and petitioner cannot meet it under the facts of this case. Contrary to this assertion, the Eighth Circuit has found that prejudice under Strickland does meet the prejudice required under Coleman v. Thompson, 501 U.S. 722, 750 (1991). See, e.g., Dawan v. Lockhart, 980 F.2d 470 (8th Cir. 1992) ("[petitioner] has shown the prejudice that Coleman requires in order to excuse a procedural default for the same reasons that he has shown prejudice under the Strickland analysis of ineffectiveness of counsel.")

But even if the higher standard does apply, petitioner has met it here. Petitioner's counsel's omission resulted in the denial of direct appellate review of a meritorious claim. Had the issue been properly raised in the post-trial motion, petitioner's appeal would have been successful and he would have been granted a new trial, as his co-defendant was. Instead, as a result of counsel's deficient performance, petitioner was convicted by a jury where at least one potential juror was unconstitutionally excluded by the State because she was a woman, which violated not only the defendant's constitutional rights, but those of the potential juror; the Court of Appeals did not correct the error because the issue was not properly before it; and the error was of such magnitude that petitioner's co-defendant was given a new trial, while the petitioner was not. Under these unique circumstances, the Court finds petitioner meets the heightened standard now articulated by the respondent, should that standard apply.

In sum, nothing in the State's motion persuades the Court to reconsider its ruling or to alter or amend the judgment it rendered in this case on March 24, 2008. Respondent's motion to alter the judgment will be denied.

## II. RESPONDENT'S MOTION TO STAY THE MARCH 24, 2008 ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS

The State also moves to stay the Court's March 24, 2008 order granting petitioner a writ of habeas corpus while the State pursues its appeal. Granting the State's motion to stay would have the effect of continuing petitioner's detention. There is a presumption in favor of release from custody pending appeal of the granting of habeas relief. Hilton v. Braunskill, 481 U.S. 770, 774 (1987). That said, "the general standards governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the State's appeal." Id. at 776. Those factors are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. The presumption favoring release may be "overcome if the traditional stay factors tip the balance against it." Id. Here, the State has not shown to the Court's satisfaction that these factors overcome the presumption the petitioner should be released.

As discussed above, the Court does not believe the State has made a strong showing that it is likely to succeed on the merits on appeal. As for the second factor, unlike petitioner, the State will not be irreparably harmed absent a stay. Petitioner, who was fourteen years old at the time of the crime and still a minor when he entered prison, has already served more than ten (10) years of his sentence, and it is the Court's understanding that petitioner's older co-defendant has been

10

released from custody. Continued incarnation for an invalid conviction is a harm that cannot be undone, and the State has not shown it will suffer such irreparable harm. As for the third and fourth factors, the States claims petitioner poses a danger to the public in light of his conviction, and he is a potential flight risk. The Court does not believe, under the circumstances of this case, that these factors outweigh the presumption in favor of release. If the State is concerned petitioner poses a danger to the public and that he is a flight risk, it can re-charge petitioner, and advocate for pre-trial detention at a bond hearing before a state trial judge.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Chuck Dwyer's motion to alter or amend judgment is **DENIED.** [Doc. 23].

**IT IS FURTHER ORDERED** that Respondent Chuck Dwyer's motion to stay the Court's March 24, 2008 Order granting petitioner writ of habeas corpus is **DENIED.** [Doc. 25]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   20th   day of May, 2008.